RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE  3 / 18 / 08
BY _____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

UNITED STATES OF AMERICA        CRIMINAL NO. 07-10010

VERSUS

                                                    JUDGE DEE D. DRELL

LAWRENCE GUIDRY, JR.            MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a motion to vacate, set aside, or correct sentence filed by petitioner Lawrence Guidry, Jr. ("Guidry") on December 5, 2007, pursuant to 28 U.S.C. § 2255 and amended on March 5, 2008. Guidry is contesting his June 5, 2007, conviction pursuant to a guilty plea entered in the United States District Court for the Western District of Louisiana, Alexandria Division, to one count of possession of a firearm by a convicted felon, and his 36 month sentence. Guidry raises the following ground for relief:

    1. The law and charge on which Guidry was convicted are unconstitutional under the Second Amendment of the U.S. Constitution, since it violates the right to keep and bear arms.

    2. The law and charge on which Guidry was convicted are unconstitutional pursuant to the Ninth Amendment, which

      states the Constitution may not be construed or interpreted in such a way as to infringe the people's rights.

      3. The law and charge on which Guidry was convicted is unconstitutional under Article 1 of the Constitution, which states that no bill shall be passed to extinguish the civil rights of a person upon sentence of death or outlawry, and no bill of attainder or ex post facto law shall be passed.

      4. Guidry's sentence and conviction violate the Equal Protection Clause of the Fourteenth Amendment.

Guidry also asks this court for a stay of execution of sentence pending disposition of this motion.

This motion is before the undersigned Magistrate Judge for initial review. See 28 U.S.C. § 2255 and Rule 4(b) of the Federal Rules Governing Section 2255 Proceedings For the United States District Courts, which states in part, "If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate."

<u>The Law of §2255 Actions</u>

There are four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitutional or laws of the United

States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack". 28 U.S.C. §2255; United States v. Cates, 952 F.2d 149, 151 (5th Cir.), cert. den., 504 U.S. 962, 112 S.Ct. 2319, 119 L.Ed.2d 238 (1992). The scope of relief under §2255 is consistent with that of the writ of habeas corpus. Cates, 952 F.2d at 151. Also, U.S. v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).

Relief under 28 U.S.C. §2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding. U.S. v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). Also, U.S. v. Ressler, 54 F.3d 257, 259 (5th Cir. 1995). A collateral challenge may not do service for an appeal. After conviction and exhaustion and waiver of any right to appeal, the federal courts are entitled to presume that the defendant stands fairly and finally convicted. U.S. v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. den., 502 U.S. 1076, 112 S.Ct. 978, 117 L.Ed.2d 141 (1992). Even if a defendant raises a constitutional error, he may not raise an issue for the first time on collateral review without showing both cause for his procedural default and actual prejudice resulting from the error.

U.S. v. Mimms, 43 F.3d 217, 219 (5th Cir. 1995), and cases cited therein.

A claim may not be reviewed under §2255 absent a showing of cause and prejudice or actual innocence. U.S. v. Hicks, 945 F.2d 107, 108 (5th Cir. 1991). Moreover, a prisoner who shows the possibility of prejudice may not obtain collateral relief under §2255 without demonstrating cause for his failure to raise the error at trial or on direct appeal. U.S. v. Shaid, 937 F.2d at 229.

Cause is demonstrated by showing objective external factors which prevented the petitioner from having raised the instant claim previously, and actual prejudice resulting from the error. If the petitioner cannot show cause, the failure to raise the claim in an earlier proceeding may nonetheless be excused if the petitioner can show that a fundamental miscarriage of justice would result from a failure to entertain the claim, i.e. the petitioner must make a colorable showing of actual innocence. U.S. v. Flores, 981 F.2d 231, 235-36 (5th Cir. 1993). Also, McCleskey v. Zant, 499 U.S. 467, 495, 111 S.Ct. 1454, 1471, 113 L.Ed.2d 517 (1991). Absent exceptional circumstances, establishment of ineffective assistance of counsel satisfies cause and prejudice. U.S. v. Acklen, 47 F.3d 739, 742 (5th Cir. 1995). Claims of ineffective assistance of counsel are ordinarily brought for the first time on collateral review. U.S. v. Gaudet, 81 F.3d 585, 589 n.5 (5th Cir. 1996),

citing U.S. v. Pierce, 959 F.2d 1297, 1301 (5th Cir. 1992).

In the case at bar, Guidry did not appeal his conviction. In his Section 2255 motion, Guidry does not challenge his guilty plea, but rather contends the district court lacked jurisdiction to sentence him on a conviction which was invalid because it was based on an unconstitutional statute, 18 U.S.C. § 922(g)(1). Nevertheless this claim could have been raised on direct appeal. See Menna v. New York, 423 U.S. 61, 62, 96 S.Ct. 241, 242 (1975) ("Where the state is precluded by the United States Constitution from haling a defendant into court on a charge, federal law requires that a conviction on that charge be set aside even if the conviction was entered pursuant to a counseled plea of guilty."); Sunal v. Large, 332 U.S. 174, 181-182, 67 S.Ct. 1588, 1592-1593 (1947); U.S. v. Easterling, 41 Fed.Appx. 201 (10th Cir. 2002), cert. den., 537 U.S. 916, 123 S.Ct. 299 (2002)(plea agreement would hot have prevented Easterling from appealing to challenge the constitutionality of 18 U.S.C. § 922(g)(1)); U.S. v. Pacheco-Chong, 101 F.3d 706 (9th Cir. 1996), cert. den., 520 U.S. 1150, 117 S.Ct. 1326 (1997).

Therefore, Guidry must show cause and prejudice, or a fundamental miscarriage of justice, before this court may review his Section 2255 motion. Guidry has not attempted to do so.[1]

---

[1] In the event Guidry belatedly attempts to show cause and prejudice or a fundamental miscarriage of justice, it is noted that Guidry's claims are meritless.

5

---

Guidry contends that Section 922(g)(1) is unconstitutional under the Second Amendment, Ninth Amendment, Due Process Clause, and Equal Protection Clause.

The Fifth Circuit has held that the constitutionality of 18 U.S.C. § 922(g)(1) is "not open to question." U.S. v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001), cert. den., 534 U.S. 1150, 122 S.Ct. 1113 (2002), citing U.S. v. DeLeon, 170 F.3d 494, 499 (5th Cir.), cert. den., 528 U.S. 863, 120 S.Ct. 156 (1999)(commerce clause challenge).

The Fifth Circuit held, in U.S. v. Darrington, 351 F.3d 632, (5th Cir. 2003), cert. den., 541 U.S. 1080, 124 S.Ct. 2429 (2004), that Section 922(g)(1) does not violate the Second Amendment. The Second Amendment's right to bear arms is subject to limited, narrowly tailored specific exceptions ro restrictions for particular cases that are reasonable and not inconsistent with the right of Americans generally to individually keep and bear their private arms as historically understood in this country. U.S. v. Patterson, 431 F.3d 832 (5th Cir. 2005), cert. den., 547 U.S. 1138, 126 S.Ct. 2043 (2006), citing U.S. v. Emerson, 270 F.3d 203, 261 (5th Cir. 2001), cert. den., 536 U.S. 907, 122 S.Ct. 2362 (2002). "It is clear that felons, infants, and those of unsound mind may be prohibited from possession firearms." Emerson, 270 F.3d at 261.

Also, the courts have held that Section 922(g)(1) does not violate the Equal Protection Clause. Congress was not irrational in deciding that persons convicted of felonies should not possess firearms. U.S. v. McKenzie, 99 F.3d 813, 818-819 (7th Cir. 1996); U.S. v . Sherbondy, 865 F.2d 996 (9th Cir. 1988). Also, Lewis v. United States, 445 U.S. 55, 67, 100 S.Ct. 915 (1980)(the legislature can rationally find a greater danger is posed by felons' possession of firearms than possession by unconvicted, ordinary persons); U.S. v. Roach, 201 Fed. Appx. 969 (5th Cir. 2006).

The Fifth Circuit and other courts have rejected the argument that the right to possess weapons is among the rights reserved to citizens under the Ninth Amendment. Section 922(g)(1) does not violate the Ninth Amendment. U.S. v. Broussard, 80 F.3d 1025 (5th Cir.), cert. den., 518 U.S. 906, 117 S.Ct. 264 (1996). Also, U.S. v. Baer, 235 F.3d 561 (10th Cir. 2000), and cases cited therein.

Finally, Section 922(g)(1) does not violate Section 9 of the First Amendment because it is not a bill of attainder. A bill of attainder is a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial. Nixon v. Administrator of General Services, 433 U.S. 425, 468, 97 S.Ct.

6

Therefore, it is recommended that Guidry's Section 2255 motion be denied as procedurally barred, and that his motion for stay of execution of sentence be denied.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Guidry's Section 2255 motion be DENIED AND DISMISSED WITH PREJUDICE.

IT IS FURTHER RECOMMENDED that Guidry's motion for stay of execution of sentence be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered

---

2777, 2803 (1977). A given statute must satisfy three requirements to meet this definition: specification of the affected persons, punishment, and lack of judicial trial. Selective Serv. System V. Minnesota Pub. Int. Research Group, 468 U.S. 841, 847, 104 S.Ct. 3348, 3352 (1984). Section 922(g)(1) is not a bill of attainder because it does not determine guilt or remove the protections of a trial. U.S. v. Stauffer, 156 F.3d 1241 (9th Cir. 1998), cert. den., 525 U.S. 1087, 119 S.Ct. 837 (1999). Also, U.S. v. Davis, 27 Fed.Appx. 592 (6th Cir. 2001).
    Therefore, Guidry's challenges to the constitutionality of Section 922(g)(1) are meritless.

by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 18th day of March, 2008.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE